**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In Re: | CHAPTER 7 |
| DAYMARK REALTY ADVISORS, INC., | CASE NO. 18-23750-SMG |
| DAYMARK PROPERTIES REALTY, INC., | CASE NO. 18-23751-SMG |
| DAYMARK RESIDENTIAL MANAGEMENT, INC., | CASE NO. 18-23752-SMG |
| | (substantively consolidated) |
| Debtors. | |
| _____/ | |

**NOTICE OF PROPOSED SETTLEMENTS AND BAR ORDERS**
**AND OPPORTUNITY FOR CREDITORS AND INTERESTED PARTIES TO OBJECT**

**Please Read The Information Contained In This Notice Carefully Since Your Rights And Ability To Pursue Claims, Including Potential Class Action Claims, Against The Settling Parties Referenced Herein May Be Affected**

**PLEASE TAKE NOTICE THAT** Chad S. Paiva, as Chapter 7 Trustee (the "Trustee") for the substantively consolidated bankruptcy estates (the "Estate") of the Debtors, Daymark Realty Advisors, Inc. ("DRA"), Daymark Properties Realty, Inc. ("DPR"), and Daymark Residential Management, Inc. ("DRM") (collectively, the "Debtors"), is seeking approval from the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") of certain Settlement Agreements and Bar Orders in the above-referenced bankruptcy cases (the "Bankruptcy Cases"). These Settlement Agreements and Bar Orders, if approved, provide for the settlement of claims and recovery to the Estate totaling $1,775,000.00 and would bar any and all claims by creditors and parties-in-interest that may exist against the following Settling Parties:

**(a)** the "Sovereign Parties" consisting of (i) Sovereign Capital Management Group, Inc., (ii) Sovereign Strategic Mortgage Fund, LLC, (iii) Todd Mikles, (iv) Etienne Locoh, (v) GCL, LLC and (vi) Infinity Urban Century LLC; and

**(b)** the "Cottonwood Parties" consisting of (i) Cottonwood Residential O.P., LP, (ii) Cottonwood Capital Property Management II, LLC, (iii) Cottonwood Capital Management, Inc., (iv) Daniel Shaeffer, (v) Plantations at Haywood M, LLC, (vi) Plantations at Haywood O, LLC, (vii) Plantations at Haywood, LLC  and (viii) Haywood Storage, LLC; and

**(c)** the "Northwood Parties" consisting of: (i) Northwood Investors, LLC, (ii) NW Congress Center Owner, LLC, (iii) NW Congress Center, LLC, (iv) Northwood

Employees, LP, (v) Northwood Real Estate Partners TE LP, and (vi) Northwood Real Estate Partners LP.

Pursuant to the *Order Granting Notice Procedures Motion and Approving Notice of Proposed Settlement and Bar Orders* (ECF No. __ ) entered by the Bankruptcy Court in the Bankruptcy Cases, the Trustee has established an informational Website, as set forth below, which provides all creditors and parties-in-interest receiving this Notice an opportunity to review the *Motion By Chad S. Paiva, as Chapter 7 Trustee, To (A) Approve Settlement Agreements With The Sovereign Parties, The Cottonwood Parties, And The Northwood Parties And (B) Request For Entry Of Bar Orders* (ECF No. 319) (the "Settlement Motion") by accessing the following website address:

**Website: http://www.daymarksettlement.com**

The Website allows creditors and parties-in-interest to download a full electronic copy of the Settlement Motion and all exhibits.

**THE SETTLEMENT MOTION, IF APPROVED, WILL AFFECT YOUR RIGHTS AND CLAIMS, INCLUDING POTENTIAL CLASS ACTION CLAIMS PENDING OUTSIDE OF BANKRUPTCY COURT, IF ANY, AGAINST THE SETTLING PARTIES**. Any and all objections to the Settlement Motion must be filed via CM/ECF or received by the Bankruptcy Court at the following address: **United States Bankruptcy Court, Attn: Clerk's Office, 299 East Broward Blvd., Fort Lauderdale, FL 33301** on or before **March 3, 2020**, with a copy provided to undersigned counsel. The hearing on the Settlement Motion is scheduled for **March 18-19, 2020 at 9:30 a.m.** at the **United States Bankruptcy Court, 299 E. Broward Blvd., Courtroom 308, Fort Lauderdale, FL 33301.**

**PLEASE TAKE FURTHER NOTICE THAT** the proposed Bar Order for the Sovereign Parties and Cottonwood Parties (the "Sovereign/Cottonwood Bar Order") provides:

**Except as expressly otherwise permitted by the Settlement Agreement, all Barred Persons (as defined below) are permanently barred, enjoined, and restrained from commencing, prosecuting, conducting, asserting or continuing to prosecute or assert in any manner, directly, indirectly, either individually, or derivatively on behalf of themselves and/or as the putative class plaintiff or representative, against the Sovereign Parties and Cottonwood Parties in the Bankruptcy Court, and any federal court, state court and other tribunal,**

2

**arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, any and all suits, actions, causes of action, claims, cross-claims, counterclaims, third party claims, proceedings, or other demands (including any of the Claims being released in the Settlement Agreement) in any federal or state court or any other judicial or non-judicial proceeding (including, without limitation, any proceeding in any judicial, arbitral, mediation, administrative, or other forum) against or affecting any of the Sovereign Parties and/or Cottonwood Parties which is based in whole or in part on any allegation, claim, demand, cause of action, matter or fact relating in any way to or arising out or in connection with the Debtors' Bankruptcy Cases and Estate, or could have an effect on the administration and handling of the Debtors' Bankruptcy Cases and Estate, or is in any other way related to the Debtors or the Bankruptcy Cases and Estate (collectively, the "<u>Barred Claims</u>"). For purposes of the Bar Order, "<u>Barred Persons</u>" shall mean any person or entity that has held, holds, may hold, or purports to hold a claim or other debt or liability or an interest, including a membership interest or financial interest, or other right against, in, arising out of, or in any way related to the Debtors and the Estate, including any manager, sub-manager, independent contractor, or *de facto* manager of the Debtors, or any of their members or officers, whether that person or entity filed a proof of claim or otherwise.**

**This Bar Order shall specifically include, but is not limited to, the following cases and matters of: (i) *1600 Barberry Lane 8, LLC, et al. v. Cottonwood Residential, O.P., LP, et al.*, Third Judicial District Court for Salt Lake County, Utah, Case No. 170904221; (ii) *Plantations at Haywood 1, LLC, et al. v. Cottonwood Residential, O.P., LP, et al.*, Third Judicial District Court for Salt Lake County, Utah, Case No. 170904220; (iii) *NNN Capital Fund I, LLC et al. v. Cottonwood Residential, O.P., LP, et al.*, Third Judicial District Court for Salt Lake County, Utah, Case No. 170904222; (iv) *Plantations at Haywood 1, LLC, et al. v. Plantations at Haywood M, LLC, et al.*, Superior Court of California for Orange County, Case No. 30-2017-00901157; (v) *Richard Carlson et al. v. Gary H. Hunt et al.*, Superior Court of California for Orange County Case No. 30-2018-00982195; (vi) *NNN Congress Center I, LLC et al. v. Etienne Locoh et al.*, Superior Court of California for Orange County Case No. 30-2018-01015717; (vii) *Katherine Looper et al. v. Daymark Realty Advisors, Inc. et al.*, Adversary Case No. 19-01050-RBR; (viii) *NNN Capital Fund I, LLC et al. v. Todd Mikles et al.*, Superior Court of California for Orange County Case No. 30-2017-00910991; (ix) *1600 Barberry 8, LLC et al. v. Todd Mikles et al.*, Superior Court of California for San Diego County Case No. 37-2016-00019030; (x) *1600 Barberry 8, LLC et al. v. Todd Mikles et al.*, AAA Case No. 01-17-0005-0462; (xi) *Plantations at Haywood 1, LLC et al. v. Plantations at Haywood M, LLC et al.*, AAA Case No. 01-18-0002-4830; (xii) *Dennis Dierenfield, et al. v. Todd Mikles et al.*, Superior Court of California for San Diego County Case No. 37-2016-00018180; (xiii) *Dennis Dierenfield, et al. v. Todd Mikles et al.*, AAA Case No. 01-17-0002-5456; (xiv) *S. Sidney Mandel et al. v. Grubb & Ellis Realty Investors, LLC et al.*, Superior Court of California for Orange County Case No. 30-2011-00449598; and any future actions based on the same facts and circumstances alleged therein (the "<u>Barred Actions</u>").**

**Notwithstanding anything to the contrary as set forth herein, nothing in this Bar Order is intended to nor shall serve to bar or enjoin the action by G REIT Liquidating Trust f/k/a G REIT, Inc. (the "<u>Trust</u>") against Sovereign Strategic Mortgage Fund, LLC, regarding the repayment of that certain Unsecured Promissory Note (Buyer Term Note) dated April 15,**

**2015 in the principal amount of $12,000,000.00, and any Amendments thereto (the "<u>Note</u>"), between the Trust, as Holder, and Sovereign Strategic Mortgage Fund, LLC, as Debtor.**

**The Bar Order set forth herein is not intended to bar third-party claims against the Sovereign Parties and/or the Cottonwood Parties arising out of matters completely unrelated to the Debtors, the Bankruptcy Cases and Estate, including, without limitation, property of the Estate, and the facts and circumstances of the Barred Actions.**

**PLEASE TAKE FURTHER NOTICE THAT** the proposed Bar Order for the Northwood Parties (the "<u>Northwood Bar Order</u>") provides:

**Except as expressly otherwise permitted by the Settlement Agreement, all Barred Persons (as defined below) are permanently barred, enjoined, and restrained from commencing, prosecuting, conducting, asserting or continuing in any manner, directly, indirectly, or derivatively, against Northwood, in any judicial, arbitral, administrative, or other forum, any and all suits, actions, causes of action, cross-claims, counterclaims, third party claims, judgment enforcement proceedings, derivative claims or other demands (including any of the Claims being released in the Settlement Agreement) in any federal or state court or any other judicial or non-judicial proceeding (including, without limitation, any proceeding in any judicial, arbitral, mediation, administrative, or other forum) against or affecting Northwood, which is based in whole or in part on any allegation, claim, demand, cause of action, matter or fact directly relating in any way to or arising in connection with the Debtors' Bankruptcy Case, or could have an effect on the Debtors' consolidated bankruptcy estate, could affect the handling and administration of the Debtors' consolidated bankruptcy estate, or is in any other way related to the Debtors or the Bankruptcy Case (collectively, the "<u>Barred Claims</u>"). For purposes of the Bar Order, "<u>Barred Persons</u>" shall mean any person or entity that has held, holds, may hold, or purports to hold a claim or other debt or liability or an interest, including a membership interest or financial interest, or other right against, in, arising out of, or in any way related to the Debtors, including any manager, sub-manager, independent contractor, or *de facto* manager of the Debtors or any of their members or officers, whether that person or entity filed a proof of claim or otherwise.**

**This Bar Order shall specifically include, but is not limited to, the cases of *Richard Carlson, et al. v. Gary H. Hunt, et al.*, Superior Court of California for Orange County, Case No. 30-2018-00982195 ("Carlson"); NNN Congress Center, LLC v. Etienne Locoh, et al., Superior Court of California for Orange County, Case No. 30-2018-01015717-CU-BC-CJC ("NNN"); and any pending or future actions, suits, judgment enforcement proceedings, derivative claims, losses, rights, damages, costs, fees, expenses, accounts, demands, obligations, liabilities, and causes of action of every character, nature, kind or description whatsoever, known or unknown, foreseen or unforeseen, and suspected or unsuspected, arising out of, or in any way relating to, any act or omission, whatsoever (i) based on any facts and circumstances alleged in Carlson or NNN; (ii) based directly or indirectly upon the purchase or sale of the Congress Center Property (i.e., the property located at 525 W. Van Buren Street, Chicago Illinois 60607); or (iii) any claims arising out of or related in any way to the Debtors or the conduct of Debtors.**

**The Bar Order set forth herein is not intended to bar third-party claims against Northwood arising out of matters completely unrelated to the Debtors, property of the Debtors' Estate, and the facts and circumstances of the Barred Claims.**

**PLEASE TAKE FURTHER NOTICE THAT** the proposed Sovereign/Cottonwood Bar Order and Northwood Bar Order shall apply to and bar all claims and causes of action against the Settling Parties in the following state court actions and arbitration proceedings (the full case styles can be found on the Website), and any future actions based on the same facts and circumstances alleged therein:

    a. *1600 Barberry Lane 8, LLC, et al. v. Cottonwood Residential, O.P., LP, et al.*, **Third Judicial District Court for Salt Lake County, Utah, Case No. 170904221; and**

    b. *1600 Barberry Lane 8, LLC et al. v. Todd Mikles et al.*, **Superior Court of California for San Diego County, Case No. 37-2016-00019030;** *1600 Barberry Lane 8, LLC et al. v. Todd Mikles et al.*, **American Arbitration Association ("AAA") Case No. 01-17-0005-0462; and**

    c. *Plantations at Haywood 1, LLC, et al. v. Cottonwood Residential, O.P., LP, et al.*, **Third Judicial District Court for Salt Lake County, Utah, Case No. 170904220; and**

    d. *Plantations at Haywood 1, LLC, et al. v. Plantations at Haywood M, LLC, et al.*, **Superior Court of California for Orange County, Case No. 30-2017-00901157;** *Plantations at Haywood 1, LLC et al. v. Plantations at Haywood M, LLC et al.*, **AAA Case No. 01-18-0002-4830; and**

    e. *NNN Capital Fund I, LLC, et al. v. Cottonwood Residential, O.P., LP, et al.*, **Third Judicial District Court for Salt Lake County, Utah, Case No. 170904222; and**

    f. *NNN Capital Fund I, LLC, et al. v. Todd Mikles et al.*, **Superior Court of California for Orange County, Case No. 30-2017-00910991; and**

    g. *Richard Carlson et al. v. Gary H. Hunt et al.*, **Superior Court of California for Orange County, Case No. 30-2018-00982195; and**

    h. *NNN Congress Center I, LLC et al. v. Etienne Locoh et al.*, **Superior Court of California for Orange County, Case No. 30-2018-01015717; and**

    i. *Katherine Looper et al. v. Daymark Realty Advisors, Inc. et al.*, **Adversary Case**

No.19-01050-RBR; *Katherine Looper et al. v. Primex Prime Electronic Execution, Inc.*, FINRA Case No. 18-03614; *Edward Henkin et al. v. Todd Mikles et al.,* Superior Court of California for San Diego County, Case No. 37-2019-00059373; and

j. *Dennis Dierenfield, et al. v. Todd Mikles et al.*, Superior Court of California for San Diego County, Case No. 37-2016-00018180; *Dennis Dierenfield, et al. v. Todd Mikles et al.,* AAA Case No. 01-17-0002-5456; and

k. *S. Sidney Mandel et al. v. Grubb & Ellis Realty Investors, LLC, et al.,* Superior Court of California for Orange County, Case No. 30-2011-00449598

**Dated: December 9, 2019**

Respectfully Submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Counsel to the Chapter 7 Trustee*
200 East Broward Blvd, Suite 1110
Ft. Lauderdale, Florida 33301
Telephone: (954) 453-8000
Facsimile: (954) 453-8010

By: /s/ Barry P. Gruher
Barry P. Gruher, Esq.
Florida Bar No. 960993
bgruher@gjb-law.com
Glenn. Moses, Esq.
Florida Bar No. 174556
gmoses@gjb-law.com
Eric Jacobs, Esq.
Florida Bar No. 85992
ejacobs@gjb-law.com