UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| DAYMARK REALTY ADVISORS, INC., | Case No. 18-23750-SMG |
| DAYMARK PROPERTIES REALTY, INC., and | Case No. 18-23751-SMG |
| DAYMARK RESIDENTIAL MANAGEMENT, INC., | Case No. 18-23752-SMG |
| | (substantively consolidated) |
| Debtors. | |
| _____/ | |

**MOTION TO APPROVE SALE OF REMNANT ASSETS**
**FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS**

Chad S. Paiva (the "**Trustee**"), as Chapter 7 Trustee for Daymark Realty Advisors, Inc., Daymark Properties Realty, Inc. and Daymark Residential Management, Inc. (collectively, the "**Debtors**"), pursuant to 11 U.S.C. § 363(b) and (f), files this *Motion to Approve Sale of Remnant Assets* (the "**Motion**"), and respectfully states:

**Introduction**

1. On November 4, 2018, each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors' cases were substantively consolidated by Order of this Court dated February 2, 2019.

2. These cases were converted to chapter 7 proceedings on April 2, 2018, and the Trustee was thereafter appointed as the Debtors' Chapter 7 Trustee.

3. To date, the Trustee has administered all of the known assets of this estate. The Trustee recently entered into an Asset Purchase Agreement (the "**APA**") with Alpha Assets Corp. ("**Alpha**") all remaining known or unknown assets of the Debtors which have not been sold, assigned, transferred or otherwise administered by the Trustee (the "**Remnant Assets**"). A copy of the APA is attached as **Exhibit "A"**.

4. The Purchase Price for the Remnant Assets is $10,000.00. Alpha has tendered a deposit in the amount of $5,000.00, with the balance to be paid within 14 days of the Order approving this Motion becoming a Final Order.

**Relief Requested**

5. The Trustee seeks to sell the Remnant Assets to Alpha free and clear of liens, claims and encumbrances pursuant to Section 363(b) and (f) of the Bankruptcy Code. Courts have held that transactions should be approved under Section 363(b) when (a) they are supported by the sound business judgment of the Trustee, (b) interested parties are provided with adequate notice, (c) the sale price is fair and reasonable, and (d) the purchaser is acting in good faith. *See In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991).

6. Moreover, Section 363(f) of the Bankruptcy Code authorizes the Trustee to sell property of the estate free and clear of any liens, claims or encumbrances if one of the following is met: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in bona fide dispute or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. The language of Section 363(f) is in the disjunctive, so that a sale free and clear of interests can be approved if any of the aforementioned conditions is met. *In re Heine*, 141 B.R. 185, 189 (Bankr. D.S.D. 1992); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988).

7. The Trustee submits that the sale of the Remnant Assets to Alpha should be approved. The Trustee has administered all known assets of the estate and is not aware of any further assets. Creditors and interested parties will receive notice of this Motion, and have an

opportunity to make a higher offer by filing a written objection to this Motion within the time set forth in this Court's Local Rules and by tendering a deposit in the amount of the proposed purchase price in cleared funds to the Trustee in advance of the hearing. Based on the foregoing, the purchase price is reasonable and the Trustee is acting within his sound business judgment.

8. The Trustee does not believe that there are any liens, claims or interests encumbering the Judgments, and the Trustee is not aware of any secured creditor in this case. Nevertheless, the Trustee requests that the sale be free and clear of any such interest as that is a requirement of the APA.

9. Collectively, these factors demonstrate that the Trustee's proposed sale of the Remnant Assets to Alpha is in the best interest of the estate.

WHEREFORE, the Trustee respectfully requests the entry of an Order (i) approving this Motion, (ii) authorizing the sale of the Remnant Assets to Alpha, free and clear of liens, claims and interests, (iii) authorizing the Trustee to take such actions as may be necessary and appropriate to implement the terms of the sale; and (iv) granting such other and further relief as the Court deems to be just and proper.

Dated: May 27, 2022.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for the Trustee*
200 East Broward Blvd, Suite 1110
Fort Lauderdale, Florida 33301
Tel:   (954) 453-8000
Fax:   (954) 453-8010

By:   /s/ Glenn D. Moses
      Glenn D. Moses, Esq.
      Florida Bar No. 174556
      Barry P. Gruher, Esq.
      Florida Bar No. 960993

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing Motion was served on May 27, 2022 via CM/ECF Notification and/or U.S. Mail to all parties on the attached service list.

        By:   /s/ Glenn D. Moses
                Glenn D. Moses, Esq.
                Florida Bar No. 174556

## SERVICE LIST

*Served Via CM/ECF Notification*:  All parties listed on the Court's CM/ECF list.

*Served Via U.S. Mail*

**All parties on the attached mailing matrix.**

**EXHIBIT "A"**

Case 18-23750-SMG    Doc 791    Filed 05/27/22    Page 5 of 14

ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT ("Agreement"), dated as of May _ 2022, is by and between Chad S. Paiva, not individually, but solely as chapter 7 Trustee ("Seller") for the bankruptcy estate of Daymark Realty Advisors, Inc., Daymark Properties Realty, Inc. and Daymark Residential Management, Inc. (collectively, the "Debtors"), and Alpha Assets Corp. ("Purchaser").

WITNESSETH:

A. On or about November 4, 2018, a voluntary petition for relief under chapter 11 of the Bankruptcy Code was filed by the Debtors in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") and assigned Case No. 18-23750.

B. On or about April 2, 2019, the Bankruptcy Court entered an Order on the Debtors' motion to convert the case to one under Chapter 7 of the Bankruptcy Code, converting the case to a Chapter 7 proceeding, and Chad S. Paiva was thereafter appointed as the Debtors' Chapter 7 trustee.

C. At the time of the execution of this Agreement and continuing into the future, there may be property of the Debtors' estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").

D. The Remnant Assets specifically exclude: (a) cash held at the time of this Agreement by the Seller; (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; (c) the Estate's interest in claims against Dennis Dierenfield, individually and as trustee of the Dennis Dierenfield Living Trust (and as more fully described in Docket Number 784, (d) the Estate's interest in claims against Kenneth Catanzarite and related Bond arising out of the Bankruptcy Court's Orders dated May 8, 2020 and May 28, 2020, Docket Numbers 182 and 193 in Adversary Number 19-01291, and (e) all assets previously administered by the Seller in the Debtors' bankruptcy case.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price**. The Purchase Price shall be good funds in the amount of Ten Thousand and No/100 Dollars ($10,000.00). A deposit of $5,000.00 shall be paid within 7 days of the execution of this Agreement pursuant to wire transfer instructions to be provided by Seller's counsel (to be refunded in the event the Bankrutpcy Court does not enter an order approving this Agreement (the "Approval Order")), with the balance to be paid within fourteen (14) days of the Approval Order becoming a Final Order.

As used herein, the term "Final Order" means an Approval Order that has been duly entered on the docket of the Court, and the time for any party in interest to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such events have occurred, such reargument, if any, has been denied, all appeals taken have been finally resolved, and the time to take any further appeals, file a motion for further permission to appeal, or seek certiorari has expired without the Approval Order being vacated, reversed or modified.

2. **Assignment of Remnant Assets.** Subject to approval by the Bankrupctcy Court, Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due and payable to the Debtors under the Remnant Assets, including unscheduled funds, over payments, deposits, judgments, claims, or other payment rights that would accrue in the future to the Debtors.

3. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

4. EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW, INCLUDING AS TO THE EXISTENCE OF ANY REMNANT ASSETS.

5. **Free and Clear Sale**. Subject to the Court's approval, the sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

6. Notwithstanding any other provision of this Agreement the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations of Seller or its affiliates of any kind or nature, whatsoever, whether arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

7. **Documents of Assignment**. From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

8. **Limited Power of Attorney**. Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement.

9. **Entire Agreement**. This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

12. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

10. **Governing Law**. Except to the extent any of the provisions of the United States Bankruptcy Code may apply, this Agreement shall be governed by and construed in accordance with the internal laws of the State of Florida, without giving effect to choice of law principles of the State of Florida.

11. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above.

ALPHA ASSETS CORP.

By: */s/ Ken Echi/*

Name: KEN ECHI

Its: Vice President

Address (*for regular mail and mail forwarding*): PO Box 1137, New York, New York 10116-1137

Address (*for overnight delivery*): 42 Broadway, Suite 12-298, New York, New York 10004.

T: 212 863 9606

DAYMARK RESIDENTIAL MANAGEMENT INC., and DAYMARK PROPERTIES REALTY INC.

By: _____

Name: CHAD S. PAIVA

Debtors' Chapter 7 TRUSTEE

Address: 6526 S. KANNER HIGHWAY, # 376

STUART, FL. 34997

10. **Governing Law**. Except to the extent any of the provisions of the United States Bankruptcy Code may apply, this Agreement shall be governed by and construed in accordance with the internal laws of the State of Florida, without giving effect to choice of law principles of the State of Florida.

11. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above.

ALPHA ASSETS CORP.

By: _/s/ Ken Echi_

Name: KEN ECHI

Its: Vice President

Address (*for regular mail and mail forwarding*): PO Box 1137, New York, New York 10116-1137

Address (*for overnight delivery*): 42 Broadway, Suite 12-298, New York, New York 10004.

T: 212 863 9606

DAYMARK RESIDENTIAL MANAGEMENT INC., and DAYMARK PROPERTIES REALTY INC.
and Daymark Realty Advisors, Inc.

By: _/s/ O'Neill_

Name: CHAD S. PAIVA

Debtors' Chapter 7 TRUSTEE

Address: 6526 S. KANNER HIGHWAY, # 376

STUART, FL. 34997

```
Label Matrix for local noticing          American National Insurance Company       BMC Group Inc.
113C-0                                   Shumaker, Loop & Kendrick, LLP            3732 West 120 St
Case 18-23750-SMG                        c/o Steven Berman                         Hawthorne, CA 90250-3202
Southern District of Florida             101 E. Kennedy Blvd,
Fort Lauderdale                          Suite 2800
Fri May 27 09:59:51 EDT 2022             Tampa, FL 33602-5153

Cottonwood Capital Management, Inc.      Cottonwood Capital Property Management II, L   Cottonwood Residential, O.P., LP
c/o Gregg Christensen, Esq.              c/o Gregg Christensen, Esq.               c/o Gregg Christensen, Esq.
Old Mill Corporate Center II             Old Mill Corporate Center II              Old Mill Corporate Center II
6340 South 300 East, Suite 500           6340 South 300 East, Suite 500            6340 South 300 East, Suite 500
6340 South 300 East, Suite 500           6340 South 300 East, Suite 500            Salt Lake City, UT 84121
Salt Lake City, UT 84121                 Salt Lake City, UT 84121

Daymark Properties Realty Inc.           Daymark Realty Advisors Inc.              Daymark Residential Management Inc.
6750 N Andrews Ave                       6750 N. Andrews Ave Suite 200             6750 N. Andrews Ave.
suite 200                                Fort Lauderdale, FL 33309-2180            Suite 200
Fort lauderdale, FL 33309-2180                                                     Fort lauderdale, FL 33309-2180


Donald S. Singer                         Larry J. Samarron and Ceslynn Regalado    NNN Enterprise Way No. 27, LLC
C/O David W. Langley, Esq.               c/o Michael S. Hoffman, Esq.              c/o Shutts & Bowen LLP
8551 W. Sunrise Blvd., Suite 303         909 N Miami Beach Blvd #201               4301 W. Boy Scout Blvd., Suite 300
Plantation, FL 33322-4007                N Miami Bch, FL 33162-3712                Tampa, FL 33607-5716


NW Congress Center Owner, LLC            NW Congress Center, LLC                   Northwood Employees, LP
c/o Andrea S. Hartley, Esq.              c/o Andrea S. Hartley, Esq.               c/o Andrea S. Hartley, Esq.
Akerman LLP                              Akerman LLP                               Akerman LLP
98 SE 7th Street                         98 SE 7th Street                          98 SE 7th Street
Suite 1100                               Suite 1100                                Suite 1100
Miami, FL 33131-3525                     Miami, FL 33131-3525                      Miami, FL 33131-3525

Northwood Investors, LLC                 Northwood Real Estate Partners TE, LP     Northwood Real Estate Partners, LP
c/o Andrea S. Hartley, Esq.              c/o Andrea S. Hartley, Esq.               c/o Andrea S. Hartley, Esq.
Akerman LLP                              Akerman LLP                               Akerman LLP
98 SE 7th Street                         98 SE 7th Street                          98 SE 7th Street
Suite 1100                               Suite 1100                                Suite 1100
Miami, FL 33131-3525                     Miami, FL 33131-3525                      Miami, FL 33131-3525

U.S. Securities and Exchange Commission  Atlantic Vue Towers, Inc                  Carole O'Neill Trust
Atlanta Regional Office                  c/o Edwin C. Bliss                        c/o Carole J. O'Neill
950 East Paces Ferry Road, NE            400 S Pointe Dr Apt 2202                  4754 La Villa Marina Unit F
Suite 900                                Miami Beach, FL 33139-7361                Marina Del Rey, CA 90292-7049
Atlanta, GA 30326-1382

Espen Schiefloe                          Grimaldi Jr., William S.                  James Barry Tracton Rev Trust
1153 N. Alhambra Cir.                    290 Vincent Avenue                        c/o James Barry Tracton
Naples, FL 34103-2526                    Hackensack, NJ 07601-1028                 12700 N Bayshore Dr.
                                                                                   North Miami, FL 33181-2428


Jerome A. & Ardys A. Shinkay Rev Tr      Kelmar Company, LLC                       Larry J. & Ceslynn F Samarron/Regalado
c/o Sean Shinkay                         c/o Chwatt, Mitchell                      1560 San Andreas Ave
3532 N Spring Hill Drive                 300 W 55th St Apt 2V                      San Jose, CA 95118-1055
Janesville, WI 53545-9025                New York, NY10019-5141


Nineteen West Jefferson, LLC             Nita Coulter Trust dtd 1/27/2006          Office of the US Trustee
c/o Janet R. Hemley                      c/o Coulter TEE, Nita L.                  51 S.W. 1st Ave.
418 Concord Avenue                       3424 Gromer Terrace                       Suite 1204
Exton, PA 19341-1818                     La Cresenta, CA 91214-1131                Miami, FL 33130-1614
```

| | | |
|---|---|---|
| Raymond D. & Joan E. Vasquez<br>c/o Raymond D. & Joan E. Vasquez<br>2742 Reflections Ln<br>Simi Valley, CA 93065-0241 | Santic, Inc.<br>c/o Reiss-Petersen, Kristine C.<br>4427 Ranchero Dr.<br>Soquel, CA 95073-2320 | Seacrest Apartments of Miami Beach, Inc<br>c/o Bliss, Ted & Irene<br>1715 West 80th Street<br>Hialeah, FL 33014-3241 |
| Sovereign Capital Management Group, Inc.<br>750 B Street Suite 2397<br>San Diego, CA 92101-8124 | The Gary M. & Susana Y. Hansen Trust<br>c/o Gary M. & Susana Y. Hansen<br>4405 S 189th St<br>Seatac, WA 98188-5044 | Urbanism-Coral Way LLC<br>c/o Brian Strelitz<br>1400 NE Miami Gardens Dr Ste 210-A<br>North Miami Beach, FL 33179-4844 |
| Adam T Kent<br>21309 Tulsa Street<br>Chatsworth, CA 91311-1412 | Barry Mukamal<br>1000 S Federal Highway #200<br>Ft. Lauderdale, FL 33316-1237 | Brett D Lieberman<br>20200 W Dixie Hwy, Suite 905<br>Miami, FL 33180-1926 |
| Brian Strelitz<br>c/o Michael S. Hoffman, Esq.<br>909 N Miami Beach Blvd #201<br>N Miami Bch, FL 33162-3712 | Carole J. O'Neill<br>c/o Michael S. Hoffman, Esq.<br>909 N Miami Beach Blvd #201<br>N Miami Bch, FL 33162-3712 | Chad S. Paiva<br>trustee.paiva@gmail.com<br>6526 S. Kanner Highway, #376<br>Stuart, FL 34997-6396 |
| Charles Garavaglia<br>2220 Fremont Drive<br>Lake Havasu City, AZ 86406-8315 | Daniel Shaeffer<br>c/o Gregg Christensen, Esq.<br>Old Mill Corporate Center II<br>6340 South 300 East, Suite 500<br>6340 South 300 East, Suite 500<br>Salt Lake City, UT 84121 | Gary and Susana Hansen<br>c/o Michael S. Hoffman, Esq.<br>909 N Miami Beach Blvd #201<br>N Miami Bch, FL 33162-3712 |
| George Lebdeff<br>2056 Great Highway #3<br>San Francisco, CA 94116-1067 | Henry H Oh<br>550 S Hope St # 1050<br>Los Angeles, CA 90071-2615 | James Barry Tracton<br>c/o Michael S. Hoffman, Esq.<br>909 N Miami Beach Blvd #201<br>N Miami Bch, FL 33162-3712 |
| Janet R. Hemley<br>c/o Michael S. Hoffman, Esq.<br>909 N Miami Beach Blvd #201<br>N Miami Bch, FL 33162-3712 | John And Maxine Vetter<br>190 Hemlock St<br>Montesano, WA 98563-4714 | Kenneth Catanzarite<br>2331 West Lincoln Avenue<br>Anaheim, CA 92801-5103 |
| Kenneth R Palmer<br>529 Constitution Dr<br>Ephrata, PA 17522-9177 | Kristine C. Reiss-Petersen<br>c/o Michael S. Hoffman, Esq.<br>909 N Miami Beach Blvd #201<br>N Miami Bch, FL 33162-3712 | Marc J Rothberg<br>5 Richmond Ave<br>Milford, MA 01757-2436 |
| Maria Angela Munoz<br>1440 Beaumont Ave #A2-149<br>Beaumont, CA 92223-6820 | Michael D Kibler<br>11100 Santa Monica Blvd #360<br>Los Angeles, CA 90025-3394 | Mitchell Chwatt<br>c/o Michael S. Hoffman, Esq.<br>909 N Miami Beach Blvd #201<br>N Miami Bch, FL 33162-3712 |
| Morgan B. Edelboim Esq.<br>20200 W. Dixie Hwy<br>Suite 905<br>Miami, FL 33180-1926 | Nina Coulter, Trustee<br>c/o Michael S. Hoffman, Esq.<br>909 N Miami Beach Blvd #201<br>N Miami Bch, FL 33162-3712 | Paul D. Bernstein<br>Wilson Elser<br>100 SE Second Street<br>Suite 3800<br>Miami, FL 33131-2126 |

Randy Hogan
815Pulpit Rock Cir S
Colorado Springs, CO 80918-7046

Raymond and Joan Vasquez
c/o Michael S. Hoffman, Esq.
909 N Miami Beach Blvd #201
N Miami Beach Blvd, FL 33162-3712

Richard Garrigues
c/o P.W.Kelly Associates, P.A.
P.O. Box 331083
Miami, FL 33233-1083

Richard J. Tapp
c/o Michael S. Hoffman, Esq.
909 N Miami Beach Blvd #201
N Miami Bch, FL 33162-3712

Robert And Virginia Hall
251 S Golf Blvd
Pompano Beach, FL 33064-3276

Samuel & Marjorie Anderson
502 Overhill Dr
Brandon, FL 33511

Sean Shinkay
c/o Michael S. Hoffman, Esq.
909 N Miami Beach Blvd #201
N Miami Bch, FL 33162-3712

Ted and Irene Bliss
c/o Michael S. Hoffman, Esq.
909 N Miami Bch Blvd
#201
N Miami Beach, FL 33162-3712

Tinamarie Feil
BMC Group
600 1 Ave
Seattle, WA 98104-2210

Victoria Pennock
5104 Fort Mason Dr
Austin, TX 78745-2313

Wayne Lewis
c/o Michael S. Hoffman, Esq.
909 N Miami Beach Blvd #201
N Miami Bch, FL 33162-3712

William Carrozza
111 SECOND AVE. NE, SUITE 213
ST. PETERSBURG, FL 33701 United States 33701-

William D Chapman
114 Pacific  #450
Irvine, CA 92618-3343

William S. Grimaldi, Jr.
c/o Michael S. Hoffman, Esq.
909 N Miami Beach Blvd #201
N Miami Bch, FL 33162-3712


**The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.**


(u)123 North Wacker, LLC

(u)1600 Barberry Lane 8, LLC

(u)1600 Barberry Lane 9, LLC


(u)350 Seventh Avenue Associates LP

(u)Crost Imports, Inc.

(u)GCL, LLC


(u)Infinity Urban Century, LLC

(u)NNN 1818 Market Street 13, LLC

(u)NNN 300 Four Falls 12, LLC


(u)NNN Aventura Harbour 10, LLC

(u)NNN Aventura Harbour Centre 16, LLC

(u)NNN Capital Fund I, LLC

| | | |
|---|---|---|
| (u)NNN Congress Center, LLC | (u)NNN Four Falls 20, LLC | (u)NNN Royal 400 12, LLC |
| (u)Plantations at Haywood 1, LLC | (u)Plantations at Haywood 13, LLC | (u)Plantations at Haywood 2, LLC |
| (u)Plantations at Haywood 23, LLC | (u)RRM Enterprises LLC | (u)Sovereign Capital Management Group, Inc. |
| (u)Sovereign Strategic Mortgage Fund, LLC | (u)SuvaWinds, Inc. | (u)Western Alliance Bank |
| (u)Willowbrook Apartments LLC | (u)Atlantic Vue Towers, Inc c/o Edwin C. Bliss | (d)Daymark Properties Realty, Inc.<br>6750 N. Andrews Ave., Suite 200<br>Fort Lauderdale, FL 33309-2180 |
| (u)Adrienne Moran | (d)Brett D Lieberman<br>20200 W Dixie Hwy, Suite 905<br>miami, FL 33180-1926 | (u)Carl C Holmen |
| (u)Daniel P. O'Keefe | (u)David Corbett | (u)Dennis Dierenfield |
| (u)Dennis A. Rosene | (u)Donald Adams | (u)Edward Henkin |
| (u)Eleanor M. Reed | (u)Ellen B Friedman | (u)Elsa M. Rosene |
| (u)Etienne Locoh | (u)Gail Fortune | (u)George Vrakas |

| | | |
|---|---|---|
| (u)Gerald Berend | (u)Guy E. Michael | (u)Harry Katz |
| (u)Katherine Looper | (u)Kathryn B. Chidester | (u)Loretta Mak |
| (u)Lorraine Capobianco | (u)Mark Van Mourick | (u)Mary Wojciechowski |
| (u)Milton O Brown | (u)Pat McRoberts | (u)Paul L Cohen |
| (u)Richard Carlson | (u)Rose M Kirby<br>563 | (u)Stan Wojciechowski |
| (u)Thomas F Scheidt | (u)Todd A. Mikles | (u)Tyrone Wynfield |
| (u)Vicki J. Dronet | (u)William B Gilmer | (u)William E Bump |

End of Label Matrix
Mailable recipients    73
Bypassed recipients    63
Total                 136